■ ALBANY SAVINGS BANK, Appellant, v CAFFRY, PONTIFF, STEWART, RHODES & JUDGE, P. C., Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered September 30, 1982 in Albany County, which granted defendant's motion for summary judgment. Plaintiff commenced this action against defendant law firm to recover damages allegedly caused by a failure to properly examine title to real property owned by the Flewellings. In November of 1977, a member of defendant firm advised plaintiff that title was free and clear of any liens, encumbrances or defects affecting marketability, and plaintiff, in reliance thereon, granted a mortgage upon the land on September 1, 1978. Thereafter, upon the mortgagor's default, plaintiff obtained title at a foreclosure sale. When eviction proceedings were commenced, it was discovered that approximately 20 feet of the dwelling was located on an adjoining parcel. Plaintiff's title became unmarketable as the result of an action to quiet title. Plaintiff commenced the instant action alleging causes of action in both tort and contract. Special Term dismissed plaintiff's first cause of action as barred by the three-year Statute of Limitations governing legal malpractice claims (CPLR 214, subd 6), and determined the second cause insufficient to state a cause of action for breach of contract. This appeal ensued. There should be an affirmance. Plaintiff urges that the liability of an attorney certifying title is contractual in nature and thus the six-year contract Statute of Limitations applies (CPLR 213, subd 2). Plaintiff's complaint alleges that defendant agreed "to obtain a specific result, that is, to obtain a mortgage which would be a first lien upon the aforementioned premises, and which would be free of all incumbrances and prior liens". In our view, the record fails to support this argument. Although plaintiff labels this a contract action, it is clear that the character of an action is determined by the essence of the conflict, not by a mere label (*Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264). In *Brainard v Brown* (91 AD2d 287), this court recently

concluded that the contract Statute of Limitations applies to attorney-client agreements "only when there [is] a promise to perform and no subsequent performance, or when the attorney has explicitly undertaken to discharge a specific task and then failed to do so (*Boecher v Borth,* 51 AD2d 598)" (*id.,* at p 288). The pivotal issue is whether defendant expressly agreed to accomplish a specific result. Upon an examination of the pleadings, we fail to find any specific agreement, oral or written, to establish the marketability of title (cf. *Boecher v Borth, supra*). In its brief, plaintiff acknowledges that "defendant did not make an oral or written promise to obtain a specific result" but urges the court to imply such an agreement from the continuous course of dealings between the parties. We decline to do so. In essence, the wrong complained of consists of nothing more than defendant's failure to use reasonable care in exercising professional skill. While such a breach subjects the attorney to liability for malpractice, it does not give rise to a contract action. These circumstances prevailing, Special Term properly dismissed the second cause of action (*Brainard v Brown,* 91 AD2d 287, *supra*). Turning to plaintiff's malpractice claim, we note that an action for malpractice accrues at the date of the malpractice complained of, and, only in an instance of continuous representation is the statute tolled until the ongoing representation is completed (*Glamm v Allen,* 57 NY2d 87, 93-94; *McDermott v Torre,* 56 NY2d 399, 407). Contrary to plaintiff's assertions, it is clear that defendant's representation with respect to title terminated at the time of closing. Although plaintiff and defendant had a continuous professional relationship which included defendant's participation in the subsequent mortgage foreclosure action against the Flewellings, such relationship was independent of the events giving rise to the instant malpractice claim. We cannot agree that the "continuous representation" rule applies to extend the malpractice cause of action. Since defendant's services were completed on September 1, 1978 and this lawsuit was not commenced until May 19, 1982, Special Term properly dismissed the first cause of action as untimely (CPLR 214, subd 6). Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.