■ ANNA BADIK, Appellant, v JAMES MURPHY, Respondent. —Levine, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered June 21, 1989 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action against defendant, her former attorney, asserting a cause of action for legal malpractice and a second cause of action for breach of contract to render professional services. The complaint alleges in substance that plaintiff employed defendant in December 1982 to represent her during negotiations with Thomas Roohan for the lease of a portion of her property in the Town of Greenfield, Saratoga County. During a meeting with plaintiff and Roohan, defendant drew a proposed agreement and had his secretary procure plaintiff's signature to it. The agreement, however, was negligently prepared "so as to give an option to purchase to the proposed lessee rather than an option to sell as requested by the plaintiff". Plaintiff alleged that defendant was also negligent in allowing her to sign the agreement without reviewing it with her to insure that it accurately reflected her wishes and in delivering a copy of the agreement to Roohan without her consent. In her second cause of action, plaintiff repeated the same facts and further alleged that this was in breach of defendant's implied agreement "to properly prepare the necessary papers to obtain a lease agreement with an option to sell the property of the plaintiff". The complaint alleges that, as a result of defendant's negligence and breach of contract, Roohan brought an action against plaintiff for specific performance to compel her to convey title and she sustained damages in the form of legal expenses in defending against the claim.

Following joinder of issue and pretrial discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion in its entirety. In

ruling on plaintiff's malpractice claim, the court relied upon the proof that Roohan's action for specific performance was dismissed on motion for summary judgment on the ground that the agreement defendant herein drafted was unenforceable under the Statute of Frauds. The court reasoned that Roohan's meritless suit on an unenforceable contract cannot be deemed to have been proximately caused by the negligence of defendant in inaccurately drafting the agreement.

In our view, the submissions on defendant's motion create a triable issue on proximate cause as well as defendant's negligence. In her deposition, plaintiff repeated the substance of the allegations of the complaint and further related that, later in the same day that she had met with defendant and Roohan and signed the agreement, she informed defendant that it was unsatisfactory and asked to meet with him. Despite this, defendant avoided conferring with plaintiff and then released a signed copy of the agreement to Roohan without her consent. In defendant's affidavit on the motion, while disputing plaintiff's accusations as to the inaccuracy of the agreement, he averred that he had advised plaintiff and Roohan that the agreement was binding and enforceable. This advice was clearly erroneous. The purported agreement failed to describe the subject property or the extent of the area of the portion of plaintiff's land to which the option applied, referred to a mortgage to be given by Roohan without setting forth any of its terms and stipulated that a formal contract was to be drawn. It was, thus, a nonbinding agreement to agree *(see, Scheck v Francis,* 26 NY2d 466, 469-470; *Arliss v Brenon Film Corp.,* 230 NY 390, 399-400; *Tebbutt v Niagara Mohawk Power Corp.,* 124 AD2d 266, 268; *Daly v Becker,* 109 AD2d 651, 652).

Accepting as we must the factual averments favoring plaintiff in the parties' submissions that the purported agreement was erroneously drafted by defendant, never reviewed by him with plaintiff before she was instructed to sign it and was released to Roohan without plaintiff's consent after plaintiff expressed objections to it and after defendant had advised both her and Roohan that it was binding and enforceable, we cannot say that, as a matter of law, defendant's negligence was not a substantial factor in causing Roohan to bring his action for specific performance of the purchase option defendant drafted. A prima facie case was, thus, established that plaintiff's litigation expenses in defending the action brought by Roohan were proximately caused by defendant's tortious acts *(see, Central Trust Co. v Goldman,* 70 AD2d 767, 768, *appeal dismissed* 47 NY2d 1008).

We agree, however, with Supreme Court's ruling that plaintiff's proof established only a cause of action in negligence and not one for breach of contract *(see, Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge,* 95 AD2d 918, 919).

Order modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing plaintiff's first cause of action; motion denied regarding said cause of action; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.