OPINION OF THE COURT
 

 Alexander, J.
 

 In this action for legal malpractice and breach of contract, plaintiff Martin Santulli and defendant law firm Englert, Reilly & McHugh, P. C. each appeal, by leave of the Appellate Division, from an order of that court. The Appellate Division modified Supreme Court’s order by granting defendant’s motion for summary judgment and dismissing plaintiff’s breach of contract cause of action as legally insufficient and affirming that court’s denial of defendant’s motion, addressed to plaintiff’s malpractice claim, for summary judgment based on Statute of Limitations grounds. We agree that the malpractice claim is not barred by the Statute of Limitations, but conclude that the contract cause of action should not have been dismissed.
 

 I
 

 In October 1980, plaintiff retained defendant law firm to represent him in the sale of his hardware business. Plaintiff had agreed with one Daniel White to sell the business for the total sum of $75,000, $35,000 of which was to be secured by a first mortgage on property owned by Samuel White, Daniel White’s father. These terms and conditions, among others, were contained in the contract of sale negotiated by defendant on plaintiff’s behalf. According to plaintiff’s allegations, defendant was to prepare a mortgage covering the entirety of the property owned by Samuel White and have it recorded. It
 
 *704
 
 appears that the mortgage instrument was not executed at the closing because the mortgagor was not present. However, shortly after the closing of the transaction, the mortgage was executed and defendant had it recorded in the local County Clerk’s office in February 1981. During the next couple of months, the only further contact between plaintiff and defendant was with respect to discussions concerning the bill for legal services rendered in connection with the sale. Questions about the bill were resolved and the bill was paid in April 1981.
 

 Daniel White made approximately 20 payments to plaintiff on the mortgage debt but ultimately defaulted. In May 1983, plaintiff sought defendant’s assistance in collecting amounts due on the mortgage. Shortly thereafter, plaintiff discovered that although the description of the property intended to be encumbered purported to cover the entire property owned by Samuel White, only a portion of that real property was in fact encumbered because the easterly 50% of the described property was excepted from the mortgage. This was the portion of the property on which a house was located — the remaining portion which was actually pledged contained only two vacant lots and a shed which were only of minimal value. Thus, the most valuable portion of the property — the easterly portion upon which the house was located — was excepted as security for the debt.
 

 Plaintiff informed defendant of the defective mortgage and they discussed the possibility of a foreclosure proceeding. Defendant advised plaintiff in August of that year, however, that it could not represent him in any foreclosure proceedings because of a potential conflict of interest — the partner who was actually involved in the transaction would probably have to testify.
 

 Plaintiff retained other counsel and in September 1985 commenced this action against defendant asserting causes of action for legal malpractice and breach of contract and seeking treble damages pursuant to Judiciary Law § 487. Defendant interposed a general denial and asserted various defenses including the Statute of Limitations and failure to state a cause of action. Following discovery, defendant moved for summary judgment dismissing the complaint on those two grounds. In opposition, plaintiff contended that the doctrine of continuous representation operated to toll the Statute of Limitations and argued that a breach of contract cause of action was sufficiently stated.
 

 
 *705
 
 Supreme Court denied defendant’s motion, finding that issues of fact existed requiring a trial, but dismissed plaintiff’s treble damages claim. The Appellate Division modified Supreme Court’s order, dismissed the cause of action for breach of contract because there was no express promise by defendant to obtain a specific result and determined that the continuous representation doctrine did not apply. However, relying on
 
 Video Corp. v Flatto Assocs.
 
 (58 NY2d 1026), the court concluded that the action for malpractice was timely commenced because the six-year contract Statute of Limitations applied (CPLR 213 [2]). Additionally, the court determined that to the extent its prior decisions in
 
 Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge
 
 (95 AD2d 918) and
 
 Brainard v Brown
 
 (91 AD2d 287) required a different result, they were overruled. One Justice dissented in part, concluding that defendant’s motion for summary judgment should be granted in its entirety because the malpractice claim was barred by the three-year Statute of Limitations (CPLR 214 [6]). Both parties were granted leave to appeal by the Appellate Division pursuant to CPLR 5602 (b).
 
 [1]
 

 II
 

 Addressing the sufficiency of plaintiff’s contract cause of action, we conclude that the Appellate Division erred in holding that no cause of action was stated because there was no promise to achieve a specific result. A cause of action for breach of contract may be based on an implied promise to exercise due care in performing the services required by the contract
 
 (see, Bloom v Kernan,
 
 146 AD2d 916, 917;
 
 see also, Video Corp. v Flatto Assocs.,
 
 58 NY2d 1026,
 
 supra).
 
 Here, the complaint alleges that defendant "agreed to do all services relative to the sale of plaintiff’s hardware business, including the preparation of the first mortgage” which was intended to secure the contract balance of $35,000 and was to cover the premise owned by Samuel White, the purchaser’s father. Plaintiff alleges that the defendant breached the "agreement of retainer” by "failing to properly draw and record such a
 
 *706
 
 first mortgage.” Giving the plaintiff the benefit of every fair inference and intendment arising from the allegations, and viewing the complaint as a whole, we conclude that a cause of action for breach of contract was adequately stated.
 

 The Appellate Division dismissed the contract cause of action, however, because there was no express promise to obtain a specific result. That court relied on
 
 Badik v Murphy
 
 (160 AD2d 1199) and
 
 Pacesetter Communications Corp. v Solin & Breindel
 
 (150 AD2d 232,
 
 lv dismissed
 
 74 NY2d 892).
 
 Pacesetter
 
 is distinguishable, however; there the parties had executed a written retainer agreement which not only, explicated the attorney’s undertaking but expressly disavowed any specific promises to the client stating that "[w]e have made no representations or guarantees to you that any result can or will be obtained, or is likely to be obtained, in this matter”
 
 (id.,
 
 at 236). The court’s reliance here on its prior decision in
 
 Badik
 
 is puzzling, especially since
 
 Badik,
 
 citing only to the court’s prior determination in
 
 Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge
 
 (95 AD2d 918,
 
 supra),
 
 which was expressly overruled in this case, summarily stated that plaintiff’s proof "established only a cause of action in negligence and not one for breach of contract”
 
 (Badik v Murphy, supra,
 
 at 1201). In any event, we conclude that to the extent
 
 Badik
 
 can be read to support the proposition that an express promise to obtain a specific result is required to sustain a contract cause of action in the context of an attorney-client relationship, it should not be followed.
 

 Defendant argues that a cause of action for breach of contract in the context of an attorney-client relationship may be sustained only where there is either a specific promise by the attorney to perform and there is a complete failure of any performance or where the attorney has undertaken a specific task and has failed to perform that task. This argument accords with the holding of the Third Department in
 
 Brainard v Brown
 
 (91 AD2d 287,
 
 supra)
 
 and
 
 Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge
 
 (95 AD2d 918,
 
 supra)
 
 both of which that court expressly overruled in the case at bar. In any event,
 
 Brainard
 
 is of doubtful vitality since it relied on the majority opinion at the Appellate Division, First Department, in
 
 Video Corp. v Flatto Assocs.
 
 (85 AD2d 448), which was subsequently modified by this Court (58 NY2d 1026,
 
 supra)
 
 to reinstate the complaint in its entirety and where we concluded that Justice Sandler’s analysis in his dissenting in
 
 *707
 
 part opinion correctly interpreted our holding in
 
 Sears, Roebuck & Co. v Enco Assocs.
 
 (43 NY2d 389).
 

 Turning then to the legal malpractice cause of action, we reject, as did the Appellate Division, defendant’s argument that the three-year Statute of Limitations provided in CPLR 214 (6) applies and because this action was commenced more than four years after the cause of action arose, the action is time barred.
 

 We have been called upon on prior occasions to respond to the question of the appropriate Statute of Limitations to be applied in actions for professional malpractice (other than medical, dental or podiatric) and concluded that "the choice of applicable Statute of Limitations is properly related to the remedy rather than to the theory of liability”
 
 (Sears, Roebuck & Co. v Enco Assocs.,
 
 43 NY2d 389, 394-395,
 
 supra; see also, Video Corp. v Flatto Assocs.,
 
 58 NY2d 1026,
 
 supra; Matter of Paver & Wildfoerster [Catholic High School Assn.],
 
 38 NY2d 669). We noted in
 
 Sears
 
 that the liability of the defendants there, "whether verbalized as in tort for professional malpractice or as in contract for nonperformance of particular provisions of the contract, arose out of the contractual relationship of the parties — i.e., absent the contract between them, no services would have been performed and thus there would have been no claims”
 
 (Sears, Roebuck & Co. v Enco Assocs.,
 
 43 NY2d 389, 396,
 
 supra).
 
 So too in the case at bar, all potential liability of the defendant arises out of the agreement retaining the firm as attorneys for the plaintiff in respect to the sale of his business. Here, as in
 
 Sears,
 
 we perceive no significant difference flowing from the manner in which the liability is classified or described, for in any event, "an agreement to exercise due care in the performance of the agreed services is to be implied”
 
 (id.,
 
 at 396).
 

 Thus, an "action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of Limitations (CPLR 213, subd 2)”
 
 (Video Corp. v Flatto Assocs.,
 
 58 NY2d 1026, 1028,
 
 supra; see also, Sager v DeRiggi,
 
 161 AD2d 571;
 
 Sinopoli v Cocozza,
 
 105 AD2d 743;
 
 Baratta v Kozlowski,
 
 94 AD2d 454;
 
 see generally,
 
 Farrell, 1983 Survey of New York Law, 35 Syracuse L Rev 59, 60-63; Siegel, NY Prac, § 37, at 45 [2d ed]).
 

 Defendant contends, however, that because the malpractice
 
 *708
 
 cause of action arose from the alleged negligent discharge of the duties arising from an attorney-client relationship, not from any contractual obligations, plaintiffs cause of action is grounded in tort, subject to the shorter three-year Statute of Limitations found in CPLR 214 (6). Pointing to our recent decision in
 
 Loengard v Santa Fe Indus.
 
 (70 NY2d 262), defendant argues that the choice of the applicable Statute of Limitations should be governed by the substantive remedy sought by a plaintiff; here, damages for negligent discharge of the duties arising from the attorney-client relationship. While defendant accurately states the rule, the argument,, defendant advances misapplies it. Here, the remedy plaintiff seeks is recovery of the $35,000, the balance of the purchase price of the business that should have been secured by the mortgage on the White property — damages to his pecuniary interests identical to those which would be recoverable in the contract action.
 

 The choice of the applicable Statute of Limitations does indeed properly relate to the remedy sought rather than to the theory of liability
 
 (see, Matter of Paver & Wildfoerster [Catholic High School Assn.],
 
 38 NY2d 669, 672,
 
 supra).
 
 Language used in many of our earlier cases indicated, however, that in applying the Statute of Limitations, the "reality” or "essence” of the action should be examined, not its form
 
 (id.,
 
 at 674). Defendant would apply the language of those earlier cases here, arguing that the "essence” of the malpractice action is negligence. Many of these cases in which that language was used were decided in the context of causes of action to recover damages for direct or underlying personal injury and therefore involved policy considerations significantly different from those policy considerations involved where the action seeks to recover damages to property or pecuniary interests only
 
 (Sears, Roebuck & Co. v Enco Assocs.,
 
 43 NY2d 389, 395,
 
 supra).
 

 Nevertheless, defendant argues that the rule of
 
 Sears, Roebuck
 
 and
 
 Video Corp.
 
 should not be applied in the legal malpractice circumstance because the relationship between attorney and client is "much more than a contractual relationship”; it is a relationship "founded in principle upon the elements of trust and confidence” and therefore is "unique.” Defendant cites to our recent decision in
 
 Campagnola v Mulholland, Minion & Roe
 
 (76 NY2d 38) in support of the contention that traditional contract principles should not be applied
 
 *709
 
 in the context of the attorney-client relationship. No persuasive reason is offered, however, for not applying the six-year Statute of Limitations to a legal malpractice claim where the remedy sought is damages relating solely to the plaintiff’s pecuniary or property loss and which arose out of the contractual relationship
 
 (see, Video Corp. v Flatto Assocs.,
 
 58 NY2d 1026,
 
 supra).
 

 [2]
 

 Defendant’s further contention that application of the six-year contract Statute of Limitations to this action would in effect nullify the provisions of CPLR 214 (6), was raised in both
 
 Sears, Roebuck
 
 and
 
 Video Corp.,
 
 and although considered by this Court, was ultimately rejected. We reject the argument here as well.
 

 Where a plaintiff fails to commence an action to recover damages on a legal malpractice claim within three years of the accrual of the cause of action, and seeks to rely on the six-year contract Statute of Limitations to protect that claim, the damages recoverable will be limited to those damages recoverable for a breach of contract. To the extent the legal malpractice claim seeks damages different from or greater than those customarily recoverable under a breach of contract claim, CPLR 214 (6) will govern.
 

 Finally we note that the courts below properly concluded that the continuous representation doctrine has no applicability under the facts of this case. There clearly was no further representation of plaintiff by defendant following the settlement of the bill in April 1981
 
 (see, Glamm v Allen,
 
 57 NY2d 87, 93;
 
 Pittelli v Schulman,
 
 128 AD2d 600).
 

 Accordingly, the order of the Appellate Division should be modified, with costs to plaintiff, by denying defendant’s motion for summary judgment as to the second cause of action and, as
 
 *710
 
 so modified, affirmed. The certified question should be answered in the affirmative.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order modified, etc.
 

 [1]
 

 . The Appellate Division certified to us the question: "Did this Court err as a matter of law in modifying the order of the Supreme Court by reversing so much thereof as denied defendant’s motion for summary judgment dismissing the second cause of action, granting the motion to that extent and dismissing the second cause of action, and, as so modified, affirming the order?”
 

 [2]
 

 . In
 
 Video,
 
 we determined that to the extent our decision in
 
 Gilbert Props. v Millstein
 
 (33 NY2d 857), which applied the three-year Statute of Limitations to a legal malpractice action, differed with our holding in that case, it should not be followed.
 
 Lazzaro v Kelly
 
 (87 AD2d 975,
 
 affd
 
 57 NY2d 630) and
 
 Glamm v Allen
 
 (57 NY2d 87), which involved application of the three-year Statute of Limitations period in an attorney-client context were decided prior to our decision in
 
 Video. Glamm
 
 is distinguishable on two other grounds as well. First, the determinative issue in that case was not whether the six-year or three-year Statute of Limitations was applicable, but whether the Statute of Limitations would be tolled pursuant to General Municipal Law § 50-e and CPLR 210 (b). We determined that the tolling provisions applied and the action was timely commenced within three years. Moreover, in
 
 Glamm,
 
 plaintiff’s claim was for personal injury, not for damage to property or pecuniary interests.