■ MTG ENTERPRISES, INC., et al., Appellants, v NORMAN M. BERKOWITZ, Respondent, et al., Defendant.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered December 5, 1990, which granted the motion of defendant-respondent Norman M. Berkowitz to dismiss the action against him pursuant to CPLR 3211 (a) (5), unanimously reversed, on the law, the motion denied and the complaint against said defendant reinstated, with costs.

Inasmuch as plaintiffs seek to recover damages for accounting malpractice and breach of contract based, *inter alia,* upon defendant Berkowitz's alleged failure to file personal and corporate tax returns on their behalf for the years 1982 and 1983, the IAS court's reliance upon the Third Department's decision in *Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge* (95 AD2d 918) in its dismissal of plaintiffs' action against Berkowitz as barred by CPLR 214 (6), the three-year Statute of Limitations applicable to actions for malpractice other than medical, dental or podiatric malpractice, was misplaced.

That case was expressly overruled by the Third Department in *Santulli v Englert, Reilly & McHugh* (164 AD2d 149, 151) which decision was unanimously modified on other grounds so as to reinstate the plaintiff's cause of action for breach of contract while affirming the applicability of a six-year Statute of Limitations (78 NY2d 700). The *Santulli* case is discussed by Professor David D. Siegel in his New York State Law Digest (No. 386, at 2 [Feb. 1992]).

In so ruling, the Court of Appeals (per Alexander, J.) reiterated the settled principle that the choice of the applicable Statute of Limitations relates to the remedy sought rather than to the theory of liability and stated: "Where a plaintiff fails to commence an action to recover damages on a legal

malpractice claim within three years of the accrual of the cause of action, and seeks to rely on the six-year contract Statute of Limitations to protect that claim, the damages recoverable will be limited to those damages recoverable for a breach of contract. To the extent the legal malpractice claim seeks damages different from or greater than those customarily recoverable under a breach of contract claim, CPLR 214 (6) will govern." (78 NY2d 700, 709, *supra.)*

The court rejected the identical argument raised herein by defendant-respondent, *i.e.,* the three year period of limitations was properly applied absent an express written contract, and affirmed its conclusion in *Video Corp. v Flatto Assocs.* (58 NY2d 1026, *modfg* 85 AD2d 448) that, in his partial dissent in that case, our late colleague Leonard H. Sandler correctly interpreted the holding in *Sears, Roebuck & Co. v Enco Assocs.* (43 NY2d 389).

In his analysis, Justice Sandler saw that the court in *Sears, Roebuck (supra)* did not limit the applicability of the six-year contract Statute of Limitations to an action for pecuniary damages where the obligations arose out of " 'a detailed written agreement' ", but twice referred to a " 'contractual relationship' ", which, given its normal and accepted meaning, falls within the ambit of CPLR 213 (2), which applies to " 'an action upon a contractual obligation or liability express or implied' " (85 AD2d, *supra,* at 462). Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.