■ CHESTER T. VOGEL, Appellant, v GARY M. LYMAN et al., Respondents. [668 NYS2d 162] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about March 28, 1997, which granted plaintiff's motion to renew a prior order, entered on or about October 2, 1996, granting defendants' motion to dismiss the action as time-barred, and, upon renewal, adhered to the prior order, unanimously modified, on the law, defendants' motion to dismiss the second cause of action as to defendant Lyman denied and, except as thus modified, affirmed, without costs or disbursements. Appeal from order, same court and Justice, entered on or about October 2, 1996, unanimously dismissed, without costs or disbursements, as superseded by the appeal from the order of March 28, 1997.

This is an action for legal malpractice based on defendant's failure to extend a mechanic's lien. Plaintiff, a mechanical engineer, seeks to recover unpaid fees owed to him by an architectural firm and its principal for professional services he performed. The IAS Court held that the complaint did not state a cause of action for breach of contract and that the action was time barred. The court found it unnecessary to reach the issue of whether privity exists between plaintiff and defendant Landy. We modify to reinstate the contract claim against defendant Lyman.

At the outset, we note that in the absence of privity between plaintiff and defendant Landy, there is no basis for a breach of contract claim against Landy. While Landy, an associate of defendant Lyman, allegedly performed legal services on plaintiff's

behalf, his association with Lyman did not commence until after Lyman's retention by plaintiff. There was no contractual relationship between plaintiff and Landy; plaintiff was in privity only with Lyman, his retained counsel. (*See, Hirsch v Weisman*, 189 AD2d 643, *lv dismissed* 81 NY2d 1067.)

The complaint alleges that plaintiff retained defendant Lyman to represent him in connection with a claim he had regarding professional services he performed on behalf of an architectural firm and its principal, and that defendants filed a mechanic's lien on his behalf and commenced an action to foreclose the lien but failed to file a notice of pendency to protect the lien or to extend the lien prior to its expiration. Plaintiff asserts that the lien action was dismissed and that the lien cannot be revived, and that he would have been able to enforce his lien claim against the property had the lien not been permitted to expire. According to the complaint, the failure of plaintiff's mechanic's lien claim was caused by defendants' "fail[ure] to renew same and/or fail[ure] to properly file a lis pendens." The complaint, charging, in effect, defendants' failure to exercise due care in the performance of the legal services required by the contract, sufficiently states a cause of action for breach of contract. (*See, Ruffolo v Garbarini & Scher*, 239 AD2d 8 [decided herewith]; *see also, Santulli v Englert, Reilly & McHugh*, 78 NY2d 700, 705-706.) We note that in *Santulli*, the Court of Appeals has expressly rejected the notion that "a cause of action for breach of contract in the context of an attorney-client relationship may be sustained only where there is either a specific promise by the attorney to perform and there is a complete failure of any performance or where the attorney has undertaken a specific task and has failed to perform that task." (*Supra*, at 706.)

In concluding that the complaint failed to state a cause of action for breach of contract, the IAS Court held that the remedy sought by plaintiff sounds in malpractice rather than in contract and that therefore the three-year Statute of Limitations for malpractice actions, rather than the six-year statute for contract actions, applies. This was error. As the Court of Appeals noted in *Santulli* (78 NY2d, *supra*, at 708), "[t]he choice of the applicable Statute of Limitations * * * relate[s] to the remedy sought rather than to the theory of liability". The remedy plaintiff seeks—the recovery of the balance he is owed for work performed—involves "damages relating solely to the plaintiff's pecuniary or property loss and which arose out of the contractual relationship". (*Supra*, at 709.)

Finally, the recent amendment to CPLR 214 (6), which ap-

plies a three-year Statute of Limitations to legal malpractice claims whether the underlying theory is one of tort or contract, does not apply to bar actions, such as this one, commenced prior to its effective date. (*Ruffolo v Garbarini & Scher, supra.*) Concur—Sullivan, J. P., Milonas, Mazzarelli and Andrias, JJ.