OPINION OF THE COURT
David Goldstein, J.
Plaintiff alleges that, in April 1994, she consulted with defendant accounting firm regarding the preparation and filing of an estate tax return for the estate of Walter Kelly, and retained *177 defendant to prepare a fiduciary income tax return. It is further alleged that defendant prepared an estate tax return and advised her that estate taxes were due, but that the estate had no assets out of which payment could be made. According to plaintiff, defendant negligently advised her that she was personally responsible for the payment of the taxes. In reliance upon this incorrect advice, on April 14, 1994, plaintiff purportedly paid a total of $32,761 in Federal and State estate taxes. This action was instituted by the filing of a summons and complaint on October 29, 1997, charging that defendant failed to exercise due care in the performánce of accountant services.
Defendant contends that the action is barred by the three-year Statute of Limitations applicable to accountant malpractice actions. (CPLR 214 [6], as amended by L 1996, ch 623.) In opposition to the motion to dismiss, plaintiff has improperly attempted to amend her complaint without leave of court, by annexing a proposed amended complaint to her opposition papers, whereby she asserts both a negligence and a breach of contract claim. (See, CPLR 3025 [a].)
In accordance with the amendment to CPLR 214 (6), the Statute of Limitations applicable to a cause of action for alleged malpractice, other than for medical, dental or podiatric malpractice, is three years, regardless whether the underlying theory is based upon contract or tort. (L 1996, ch 623.) The parties do not dispute that plaintiff’s claims, whether sounding in negligence or breach of contract, accrued at the latest on April 14, 1994, when she personally made tax payments on behalf of the estate of Walter Kelly. Plaintiff’s claims, therefore, accrued prior to the amendment’s effective date, on September 4, 1996.
At the time plaintiff’s claims accrued on April 14, 1994, the rule enunciated by the Court of Appeals in Santulli v Englert, Reilly & McHugh (78 NY2d 700, 709) permitted the application of a six-year Statute of Limitations, based upon a claim that the loss arose out of a contractual relationship. It has been recognized that, in a case where the claim is made and suit commenced more than three but less than six years after the event, and prior to the effective date of the amendment to CPLR 214 (6), the claim is timely interposed. (See, Dowd v Law Plan Hyatt Legal Servs., 249 AD2d 503 [2d Dept 1998]; Ruffolo v Garbarini & Scher, 239 AD2d 8; Vogel v Lyman, 246 AD2d 422; Romeo v Schmidt, 244 AD2d 860.) These cases held that an action commenced in reliance upon the Santulli rule, more than three years but less than six years after accrual of *178 the claim, is not invalidated or rendered time barred by virtue of the subsequent amendment to CPLR 214 (6). The amendment does not have retroactive application to such an extent and any attempt to do so would have severe constitutional implications. Thus, in this case, it is clear that, had plaintiff instituted suit on or before April 14, 1997, within three years after the accrual of the claim, the action would have been timely. Here, however, plaintiff waited until October 29, 1997, more than 13 months after the effective date of the amendment to CPLR 214 (6), and more than six months after the expiration of the three-year Statute of Limitations.
It is plain that the 1996 amendment to CPLR 214 (6) had a legislative intent to counteract and overrule Santulli (supra), and to reaffirm that the only limitations period applicable to negligence and malpractice actions was three years, notwithstanding an alternate theory based upon breach of contract. (See, Russo v Waller, 171 Misc 2d 707; Panigeon v Alliance Nav. Line, 1997 WL 473385 [US Dist Ct, SD NY, Aug. 19, 1997, Scheindlin, J.].) However, as to those cases where a claim accrued more than three years before the effective date of the amendment, thus reducing or shortening the limitations period, since the prior six-year Santulli period could no longer be applied, due process considerations mandate that a party be afforded some reasonable opportunity and period following the enactment within which to pursue a claim. (See, Coastal Broadway Assocs. v Raphael, 246 AD2d 445 [commencement of action five and one-half months after September 4, 1996 was reasonable]; Panigeon v Alliance Nav. Line, supra; Alston v Transport Workers Union, 225 AD2d 424; cf., Ainbinder v Chernis, 248 AD2d 337; see also, Siegel, Conflicts Over Retroactivity of 3 New Laws: Malpractice, Employers, Summary Judgment, NYLJ, Mar. 31, 1997, at 1, col 1 [six months after effective date may be reasonable time within which to commence an action which would have been timely under Santulli, supra]-, compare, Kinsella v Kaplan, NYLJ, Feb. 24, 1998, at 30, col 6.) Such constitutional requisite, however, has been met herein, since plaintiff had more than seven months following the September 1996 amendment to timely file her lawsuit, before expiration of the three-year limitations period, i.e., until April 1997. In my view, since she failed to do so, her malpractice claim, whatever appellation may be ascribed, namely, negligence, malpractice or breach of contract, is barred by the operative three-year Statute of Limitations.
*179 Plainly, for plaintiff to institute suit some 13 months after the September 4, 1996 effective date was unreasonable in terms of time. The Appellate Division, First Department, agreeing with Professor Siegel, has apparently adopted a six-month period, in terms of both reasonableness and due process, in passing upon the timeliness of an action commenced after the effective date of the September 1996 amendment. (See, Coastal Broadway Assocs. v Raphael, supra.) While the Appellate Division, Second Department, has not specifically addressed the issue, in Ainbinder v Chernis (supra), the Court did affirm a dismissal of a legal malpractice claim brought within three months after the effective date of the amendment, in December 1996. The date of the alleged malpractice in Ainbinder (supra) was September 1992, and the legal representation of the plaintiff continued until the summer of 1993. The appellate memorandum, which affirms the dismissal, does not discuss the issue of reasonableness, nor the constitutional issue. Nevertheless, in our case, the action was commenced in excess of what has been considered to be a reasonable period under either analysis. Therefore, the motion to dismiss the complaint must be granted.
Accordingly, upon the foregoing, defendant’s motion to dismiss the complaint is granted in all respects, and the action is dismissed.