■ NANCY C. MARTIN, Respondent, v WILLIAM V. CANALE, Appellant. [676 NYS2d 349] —Spain, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 9, 1997 in Washing-

ton County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

In late 1986 plaintiff engaged the legal services of defendant for the purpose of defending her in an action for divorce commenced by her husband. The parties in the divorce proceeding subsequently executed a separation agreement on April 14, 1987 and a judgment of divorce was entered June 22, 1987. Plaintiff commenced this action on January 22, 1993 alleging negligent representation and breach of contract. Defendant filed an answer to the complaint and subsequently moved to amend the answer to assert, as an affirmative defense, the Statute of Limitations and for summary judgment dismissing the action because it was time barred. Supreme Court granted defendant's motion to amend the answer but denied the motion to dismiss, holding that plaintiff's cause of action was timely commenced within the applicable time limit of six years. Defendant appeals.

We affirm. In 1996, the Legislature amended CPLR 214 (6) to state that a cause of action for malpractice must be commenced within three years "regardless of whether the underlying theory is based in contract or tort". This amendment overruled the holding of the Court of Appeals in *Santulli v Englert, Reilly & McHugh* (78 NY2d 700), which had applied a six-year Statute of Limitations in legal malpractice actions where the remedy sought is damages relating solely to the plaintiff's pecuniary or property loss arising out of the attorney-client relationship (*see, id.,* at 709). The key issue herein distills to whether the amendment to CPLR 214 (6) should be applied retroactively. Generally, a Statute of Limitations will be applied prospectively unless "the statute expressly provided that it should be retroactive" (McKinney's Cons Laws of NY, Book 1, Statutes § 59, at 129; *see, Matter of Pauletti v Freeport Union Free School Dist. No. 9,* 59 AD2d 556, *affd* 44 NY2d 398). The amendment in question gives no indication that it was meant to apply retroactively.

In our view, plaintiff's legal malpractice action, commenced prior to the amendment to CPLR 214 (6) (L 1996, ch 623, § 2), is governed by a six-year limitations period (*see,* CPLR 213 [2]; *Santulli v Englert, Reilly & McHugh, supra; Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389). "The amendment to CPLR 214 (6) may not be applied retroactively to claims pending prior to its effective date" (*Romeo v Schmidt,* 244 AD2d 860, 860-861; *see, Board of Mgrs. v Mandel,* 235 AD2d 382). We agree with the First Department's determination in *Ruffolo v Garbarini & Scher* (239 AD2d 8) that the "application of the

amendment to CPLR 214 (6) so as to render this action, timely when commenced, time barred by virtue of retroactive application of the amendment is impermissible" (*Ruffolo v Garbarini & Scher*, 239 AD2d 8, 12, *supra*). Notably, there is already ample precedent in support of this view (*see, id.*, at 12; *see also, White of Lake George v Bell*, 173 Misc 2d 423, 427-428, *revd* 251 AD2d 777), and we find no support in the legislative history for the conclusion that the CPLR 214 (6), as amended, should apply retroactively.

We have examined defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.