OPINION OF THE COURT
Richard A. Goldberg, J.
Plaintiff Caroline Brzozowski alleges that, on February 3, 1994, she was injured when she slipped and fell in a parking lot owned by the estate of Joseph Imbriale, Jr., Joseph J. Imbriale, III, and Margaret Imbriale (collectively, the Imbriales) and apparently controlled by Chriselic, Inc., doing business as Zio Italian Bistro (Chriselic). Plaintiff commenced this action by the filing of a summons and complaint on February 2, 1996. Chriselic commenced a third-party action against the alleged operators of the parking lot and, on August 5, 1997, the Imbriales commenced a second third-party action against the operators of the parking lot and also against George Marchetti Brokerage, Inc. (the Brokerage) and George Marchetti individually. The Imbriales’ allegations against these latter second third-party defendants are based on an alleged failure to secure insurance coverage. The Imbriales’ fifth cause of action alleges that they “entered into a contract and agreement with third-party defendant George Marchetti Brokerage, Inc.” to secure insurance coverage and that the Brokerage “breached said agreement.” The Imbriales’ seventh cause of action alleges that they “entered into a contract and agreement” with George Marchetti whereby he “would act as third-party plaintiffs’ insurance broker to secure and procure proper insurance coverage for the * * * property.” The causes of action arose on May 7, 1993, the date the policy of insurance was allegedly improperly secured.
The Brokerage and George Marchetti (1) move for summary judgment dismissing the second third-party complaint on the ground that the action is time barred; (2) move to dismiss the action against George Marchetti individually on the ground that he was acting on behalf of the Brokerage; and (3) move to sever the second third-party action from the main action on the ground that there are no common questions of law or fact. The Imbriales do not oppose dismissal of the action against George Marchetti and that branch of the motion will be granted.
*763 Effective September 4, 1996 (L 1996, ch 623), CPLR 214 (6) provides that all causes of action for malpractice, other than medical, dental or podiatric malpractice, must be commenced within three years “regardless of whether the underlying theory is based in contract or tort”. This amendment overruled the holdings of the Court of Appeals in Santulli v Englert, Reilly & McHugh (78 NY2d 700 [1992]) and Sears, Roebuck & Co. v Enco Assocs. (43 NY2d 389 [1997]), which allowed a six-year limitations period in malpractice actions under a contract theory. While the amendment may not be applied retroactively to claims pending prior to that date (Ruffolo v Garbarini & Scher, 239 AD2d 8 [1st Dept 1998]), an aggrieved party has a reasonable period after the effective date to pursue a claim theretofore valid but immediately barred on September 4,1996. (Coastal Broadway Assocs. v Raphael, 246 AD2d 445 [1st Dept 1998].) Thus, in this case, the Imbriales’ claims of malpractice that sound in negligence would, in any event, be time barred as not having been brought within three years of the accrual of such claims. Further, assuming, arguendo, that the Imbriales’ claims of malpractice that sound in breach of contract would be sustainable as relating “to the remedy sought rather than to the theory of liability” (Santulli v Englert, Reilly & McHugh, 78 NY2d, at 708; see also, Vogel v Lyman, 246 AD2d 422 [1st Dept 1998]), the second third-party action was not brought until 11 months following the effective date of the amendment. Under the circumstances of this case, where the cause of action accrued approximately two and one-half years before the effective date of the amendment, such delay is unreasonable. The action is, therefore, time barred and the Brokerage’s additional request for severance need not be considered by the court.
Ordered, that the second third-party action is hereby dismissed against George Marchetti and the action severed accordingly; and it is further ordered, that the second third-party action is hereby dismissed against the Brokerage as time barred and the action severed accordingly.