■ STEVEN L. AARON et al., Respondents, v DOROTHY A. KAMEN, as Executor of MORTON KAMEN, Deceased, Appellant. [711 NYS2d 273] —Carpinello, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 26, 1999 in Ulster County, which, upon reconsideration, *inter alia,* adhered to its prior decision denying defendant's cross motion for summary judgment dismissing the complaint.

This appeal brings up for review the denial of defendant's renewed motion for summary judgment which sought dismissal of plaintiffs' complaint based on Statute of Limitations grounds. Although the complaint alleges that Morton Kamen failed to exercise due care in the rendition of accounting and tax preparation services to plaintiffs "[f]rom 1985 through 1987", it was not filed until February 8, 1993. Not surprisingly, defendant, Kamen's widow and executor of his estate who was substituted as the party defendant following Kamen's December 29, 1997 death, challenged the timeliness of the complaint which pleads causes of action sounding in malpractice, breach of contract and negligence.

It is now well settled that an action for professional malpractice (other than medical, dental or podiatric), insofar as it seeks recovery for property and pecuniary damages, commenced between January 16, 1992, the date of the Court of Appeals' decision in *Santulli v Englert, Reilly & McHugh* (78 NY2d 700), and September 4, 1996, the effective date of an amendment to CPLR 214 (6) (*see*, L 1996, ch 623), is governed by a six-year Statute of Limitations (*see*, *Ruffolo v Garbarini & Scher*, 239 AD2d 8). To avoid application of *Santulli*, defendant argues that although Kamen "personally performed many of the accounting services" at issue, any contractual relationship would have been between plaintiffs and the various professional corporations of which Kamen was a shareholder, a contention disputed by plaintiffs. In the absence of any written retainer agreement in the record, these conflicting affidavits present a question of fact as to whether plaintiffs personally contracted with Kamen and therefore we cannot say that defendant should prevail as a matter of law (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562). Our conclusion in this regard eliminates any necessity to address plaintiffs' contention that Kamen provided accounting services after January 6, 1988 as the complaint would not be time barred if in fact plaintiffs had a contractual relationship with Kamen prior to that date.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.