[821 NE2d 952, 788 NYS2d 648]

In the Matter of the Arbitration between R.M. KLIMENT & FRAN-
CES HALSBAND, ARCHITECTS, Respondent, and McKINSEY &
COMPANY, INC., Appellant.

Argued November 17, 2004; decided December 16, 2004

**POINTS OF COUNSEL**

*Stroock & Stroock & Lavan LLP,* New York City (*Brian M. Cogan* and *Tom A. Hakemi* of counsel), for appellant. This Court should reverse because the decision below erroneously applies CPLR 214 (6) to an action in contract when CPLR 214 (6) applies only to an action for malpractice. (*Caminetti v United States,* 242 US 470; *Zaldin v Concord Hotel,* 48 NY2d 107; *Golub v Baer, Marks & Upham,* 172 AD2d 489; *530 E. 89 Corp. v Unger,* 54 AD2d 848; *Incorporated Vil. of Rockville Ctr. v Spiegel, Peter & Liu, Architects,* 295 AD2d 479.)

*Ingram Yuzek Gainen Carroll & Bertolotti, LLP,* New York City (*Larry F. Gainen* and *Joan Walter* of counsel), for respondent. The First Department's decision granting R.M. Kliment & Frances Halsband, Architects' petition to permanently stay the arbitration on statute of limitations grounds should be affirmed. (*Chase Scientific Research v NIA Group,* 96 NY2d 20; *Ruffolo v Garbarini & Scher,* 239 AD2d 8; *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389; *Video Corp. of Am. v Frederick Flatto Assoc.,* 58 NY2d 1026; *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *530 E. 89 Corp. v Unger,* 54 AD2d 848, 43 NY2d 776; *Carr v Lipshie,* 8 AD2d 330, 9 NY2d 983; *Matter of Landow & Landow Architects v Shorefront Jewish Geriatric Ctr.,* 289 AD2d 492; *Breslin Realty Dev. Corp. v Lituchy,* 269 AD2d 554; *Brushton-Moira Cent. School Dist. v Fred H. Thomas Assoc.,* 91 NY2d 256.)

**OPINION OF THE COURT**

Ciparick, J.

In 1996, the Legislature amended CPLR 214 (6) to provide that the limitations period in nonmedical malpractice claims is three years, whether the complaint is cast in contract or in tort. In this case we are called upon to determine whether the breach of a provision in an architectural contract requiring that plans, drawings and specifications comply with applicable building codes is governed by the three-year statute of limitations for malpractice claims or the more generous six-year contract limitations period. We hold that the purpose of the statute is best

served by applying the three-year statute of limitations applicable to all nonmedical professional malpractice claims.

In January 1998, McKinsey & Company, Inc. entered into an agreement with R.M. Kliment & Frances Halsband, Architects (K&H) through which K&H would perform architectural and interior design services in connection with 13,000-plus square feet of office space McKinsey had leased in Stamford, Connecticut. The parties agreed that disputes arising from the contract would be subject to arbitration.

Upon K&H's completion of the project, the Stamford Building Department issued a certificate of occupancy for the premises dated November 3, 1998. However, four years later, McKinsey claimed K&H failed to provide fire protection in compliance with the Connecticut Building Code and as specified in the parties' agreement and that McKinsey was required to install fire protection at its own expense. Section V (A) of the agreement, entitled "ARCHITECT'S RESPONSIBILITY FOR DOCUMENTS," states that:

> "All plans, drawings, specifications and other documents prepared by Architect or its consultants or engineers in connection with the Project . . . shall be in compliance with all laws, codes, ordinances and other requirements applicable to the Project (including, without limitation, the relevant building code, the requirements of the local board of fire underwriters or similar body, and any permits for the work) . . . ."

In April 2002, McKinsey submitted a demand for arbitration. K&H responded by commencing the instant CPLR article 75 special proceeding for a permanent stay of arbitration, arguing that the claim was barred by the CPLR 214 (6) three-year statute of limitations for nonmedical malpractice actions. K&H further sought to dismiss McKinsey's claim with prejudice.[1] Supreme Court denied the petition, finding that McKinsey's claim was one for breach of contract rather than malpractice because the architects failed to perform a contractual obligation. Supreme Court determined that the claim was timely under CPLR 213 (2)—the six-year contract statute of limitations—and directed the parties to proceed to arbitration.

---

1. Supreme Court originally granted K&H's application for a permanent stay upon McKinsey's default. However, the court granted McKinsey's motion to reargue—characterizing it as a motion to vacate the default—vacated the default and permitted McKinsey to serve an answer.

The Appellate Division reversed, holding that the contract provision did not guarantee code compliance, but was an ordinary contractual term by which the parties agreed K&H would provide services in a professional manner. The Court stated that "whether petitioner's alleged failure to comply with the applicable code provisions was a breach of contract or tortious in nature is immaterial for statute of limitations purposes, since the resulting noncompliance is the same, as is the remedy sought" (3 AD3d 143, 146 [2004]). The Appellate Division held that the claim was barred by CPLR 214 (6)—the three-year statute of limitations. We granted leave to appeal and now affirm.

## Analysis

CPLR 214 (6) states that "an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort" is subject to a three-year statute of limitations. The Legislature specifically amended this statute in 1996 to counteract the effect of decisions by this Court that "abrogat[ed] and circumvent[ed] the original legislative intent" by allowing actions that were technically malpractice actions to proceed under a six-year contract statute of limitations (Revised Assembly Mem in Support, Bill Jacket, L 1996, ch 623).

Prior to the 1996 amendment, we determined the appropriate statute of limitations in nonmedical malpractice actions based upon the proposed remedy instead of the theory of liability (*see e.g. Santulli v Englert, Reilly & McHugh, P.C.*, 78 NY2d 700, 708 [1992]; *Sears, Roebuck & Co. v Enco Assoc., Inc.*, 43 NY2d 389, 394-395 [1977]). These cases held that liability would not have existed between the parties without the contractual relationship and that there was an implied agreement to perform professional services using due care (*see Santulli*, 78 NY2d at 707; *Sears*, 43 NY2d at 396). Parties were permitted to maintain a malpractice action under a breach of contract theory within the six-year statute of limitations, but were limited to damages available in a contract action if the three-year malpractice limitations period had expired (*see Santulli*, 78 NY2d at 709).

It is the effect of these decisions that the amendment to CPLR 214 (6) was intended to change. The legislative history makes clear that "where the underlying complaint is one which essentially claims that there was a failure to utilize reasonable care or where acts of omission or negligence are alleged or

claimed, the statute of limitations shall be three years if the case comes within the purview of CPLR Section 214 (6), regardless of whether the theory is based in tort or in a breach of contract" (Revised Assembly Mem in Support, Bill Jacket, L 1996, ch 623).

Subsequent to the amendment, we again addressed CPLR 214 (6) and stated that it "was intended not only to remediate the *Sears* line of cases but also to reduce potential liability of insurers and corresponding malpractice premiums, and to restore a reasonable symmetry to the period in which all professionals would remain exposed to a malpractice suit" (*Chase Scientific Research, Inc. v NIA Group, Inc.*, 96 NY2d 20, 27 [2001] [citations omitted]; *see also Brothers v Florence*, 95 NY2d 290, 299-300 [2000]). The Court recognized that a malpractice claim could "theoretically also rest on breach of contract to obtain a particular bargained-for result" (*Chase*, 96 NY2d at 25, citing Kirby, *The Six-Year Legal Malpractice Statute of Limitations: Judicial Usurpation of the Legislative Prerogative?*, 66 NY St BJ 14 [Dec. 1994]). The pertinent inquiry is thus whether the claim is essentially a malpractice claim.

McKinsey argues that this case is not a malpractice claim because it is not alleging that K&H failed to exercise due care in the performance of its professional obligations. Rather, McKinsey argues that this is a breach of contract claim as there is an express contractual provision stating that the plans, drawings and specifications will comply with the relevant building code and K&H breached its promise to comply with certain fireproofing requirements. McKinsey asserts that CPLR 214 (6) pertains to malpractice actions brought as contract actions for the breach of an *implied* contractual term requiring a professional to perform services in a nonnegligent manner, not for breach of a bargained-for contract provision.

McKinsey correctly notes that this case differs from the cases previously decided by this Court in that it alleges the breach of an express, rather than implied, term of the agreement. However, while compliance with the relevant building code may have been a particular bargained-for result, that result is not inconsistent with an architect's ordinary professional obligations.[2] Making such ordinary obligations express terms of an agreement does not remove the issue from the realm of

---

2. This result is not meant to imply that an architect's failure to comply with a relevant building code is negligence per se.

negligence as argued by McKinsey, nor can it convert a malpractice action into a breach of contract action.

K&H did not guarantee a particular result or agree to perform a service above or beyond that which it might be expected to accomplish using due care even in the absence of the specific term in the agreement. Allowing this claim to proceed would accomplish the precise result the Legislature sought to prevent— allowing what is essentially a malpractice claim to be couched in breach of contract terms in order to benefit from the six-year statute of limitations. McKinsey's claim is fundamentally a claim that K&H failed to perform services in a professional, nonnegligent manner by neglecting to comply with the relevant building codes as promised in the agreement. As a result, the claim is barred by CPLR 214 (6).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.