◼ RICHARD A. ROMEO et al., as Executors of ROBERT D. ROMEO, Deceased, et al., Appellants, v LEONARD F. SCHMIDT et al., Respondents. (Appeal No. 1.) [665 NYS2d 228] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied that part of plaintiffs' motion for summary judgment dismissing defendants' counterclaims for legal malpractice. Because those counterclaims were interposed in May 1995, they are not barred by the amendment to CPLR 214 (6), effective September 4, 1996 (L 1996, ch 623), which reduces the Statute of Limitations for claims of legal malpractice from six years to three years. The amendment to CPLR 214 (6) may not be applied retroactively to claims pending prior to its effec-

tive date (*see, Board of Mgrs. v Mandel,* 235 AD2d 382; *Matter of Moynihan v New York State Employees' Retirement Sys.,* 192 AD2d 913, 914). In any event, the continuous representation doctrine would toll the Statute of Limitations applicable to the counterclaims (*see, Greene v Greene,* 56 NY2d 86, 95; *Schlanger v Flaton,* 218 AD2d 597, 603, *lv denied* 87 NY2d 812). On the merits, we conclude that the court properly determined that there are numerous triable issues of fact (*see, Rende & Esposito Consultants v St. Augustine's R. C. Church,* 131 AD2d 740, 743). Whether malpractice has been committed is normally a factual determination to be made by a jury (*see, Corley v Miller,* 133 AD2d 732, 735). In addition, the court did not err in denying that part of plaintiffs' motion to dismiss the 13th counterclaim for recovery of a nonrefundable retainer fee. The language of the agreement is ambiguous, and there are triable issues of fact with respect to its validity (*see, Matter of Cooperman,* 83 NY2d 465). (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Callahan and Doerr, JJ.