■ MARY L. DOWD, Appellant-Respondent, v LAW PLAN HYATT LEGAL SERVICES et al., Respondents-Appellants, and

VICTOR R. RUBIN et al., Respondents. (Action No. 1.) MARY L. DOWD, Appellant, v VICTOR R. RUBIN et al., Respondents. (Action No. 2.) [671 NYS2d 344] —In two related actions to recover damages for legal malpractice, Mary L. Dowd, the plaintiff in both actions, appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated October 7, 1996, as granted the cross motions of the defendants Joseph Edward Brady, individually and d/b/a Joseph Edward Brady, P. C., and Victor Roger Rubin and Louis Bacotti, individually and d/b/a Bacotti and Rubin, to dismiss the complaints insofar as asserted against them in both actions as barred by the Statute of Limitations, and Law Plan Hyatt Legal Services and Citibank Master Card, defendants in Action No. 1, cross-appeal from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the cross motion of the defendants Victor Roger Rubin and Louis Bacotti, individually and d/b/a Bacotti and Rubin, which was to dismiss the complaint insofar as asserted against the defendants Louis Bacotti, individually, and Bacotti and Rubin, in Action No. 1 as barred by the Statute of Limitations and substituting therefor a provision denying that branch of the cross motion, and (2) deleting the provision thereof granting that branch of the cross motion of the defendants Joseph Edward Brady, individually and d/b/a Joseph Edward Brady, P. C., and Victor Roger Rubin and Louis Bacotti, individually and d/b/a Bacotti and Rubin, which was to dismiss the complaint insofar as asserted against them in Action No. 2 to the extent that the complaint in Action No. 2 seeks to recover damages based upon their failure to timely commence an underlying action against a homeowner located at "321 93rd Street, Brooklyn, New York", and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The legal malpractice actions in this case, commenced prior to the recent amendments to CPLR 214 (6) (L 1996, ch 623, § 2), are governed by a six-year limitations period (*see,* CPLR 213 [2]; *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Sears Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 396; *see also, Ruffolo v Garbarini & Scher,* 239 AD2d 8; *Romeo v Schmidt,* 244 AD2d 860). When measured against this six-year period, the plaintiff's commencement of Action No. 1, alleging

legal malpractice, was timely as to the defendants Louis Bacotti individually, and the law firm Bacotti and Rubin.

Action No. 2 was timely commenced as to all of the defendants with respect to their alleged legal malpractice in failing to timely commence an underlying action against a homeowner allegedly located at "321 93rd Street, Brooklyn, New York", but untimely as to any claim premised on the defendants' failure to timely commence an underlying action against the City of New York.

The parties' remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.