■ CHARLES D. SCANIO, Appellant, v PALMIERE & PELLE-GRINO, P. C., et al., Respondents. [674 NYS2d 527] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants met their burden of establishing prima facie that, in representing plaintiff on a Federal criminal indictment, they exercised "that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community" (*Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513, *lv dismissed* 77 NY2d 940). Plaintiff's conclusory assertions in response fail to raise an issue of fact whether defendants' conduct fell short of those standards (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Further, despite plaintiff's characterization of the action as one for breach of contract, "the complaint in actuality sounds exclusively in legal malpractice, inasmuch as it is premised on allegations arising from the defendant[s'] purportedly inadequate legal representation of [plaintiff]" (*Gill v Blau,* 234 AD2d 506, 507; *see, Kaplan v Sachs,* 224 AD2d 666, 667, *lv dismissed and denied* 88 NY2d 952). Because plaintiff is precluded by his Federal conviction from pleading and proving his innocence in this action, plaintiff is unable to state a cause of action for legal malpractice (*see, Carmel v Lunney,* 70 NY2d 169, 173; *Gill v Blau, supra,* at 507). Finally, to the extent that the complaint seeks damages different from or greater than

those customarily recoverable for breach of contract, the Statute of Limitations has expired with respect to that relief sought (*see,* CPLR 214 [former (6)] [prior to 1996 amendment]; *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 707; *see also, Romeo v Schmidt,* 244 AD2d 860). (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.