■ SUSAN F. SHIRLEY, Appellant, v PETER DANZIGER et al., Respondents. [676 NYS2d 369] —Order unanimously affirmed without costs. Memorandum: In November 1992 plaintiff commenced an action against, inter alia, the law firm of O'Connell and Aronowitz, P. C. In January 1995 Supreme Court dismissed the complaint in that action insofar as it sounded in breach of contract; the causes of action sounding in tort remained (McLaughlin-Shirley v O'Connell & Aronowitz, Sup Ct, Jefferson County, Jan. 5, 1995, index No. 92-2445/92). The causes of action against defendant attorneys Neil H. Rivchin, Dean J. Higgins, David M. Cherubin and Peter Danziger were deemed

dismissed inasmuch as plaintiff did not file proof of service with respect to them.

In August 1996 plaintiff retained the services of her present attorneys and thereafter commenced the instant action, alleging a virtually identical sequence of events as that alleged in the first action. This action names the same individual defendants who were named in the first action but never properly served and, in addition, names as defendants E. Michael Ruberti and Jeffrey D. Honeywell, individually, and Ruberti, Girvin & Ferlazzo, P. C. (Ruberti law firm).

The court properly granted defendants' motions for summary judgment dismissing the complaint. The court erred, however, insofar as it concluded that the complaint, which was filed on September 24, 1996, was time-barred by the shortened Statute of Limitations, effective September 4, 1996 (*see,* CPLR 214 [6]; *see also,* L 1996, ch 623). The court also erred in determining that the due process rights of plaintiff were not violated by the application of the shortened Statute of Limitations to her causes of action, all of which accrued before the effective date of the amended statute, because her attorney was on "constructive notice" of the impending change in the Statute of Limitations and could have commenced the action prior to its effective date.

It is well established that the shortened Statute of Limitations should not be applied to actions pending when the amendment took effect (*see, White of Lake George v Bell*, 251 AD2d 777, *modfg* 173 Misc 2d 423 *on other grounds*; *Romeo v Schmidt*, 244 AD2d 860; *Ruffolo v Garbarini & Scher*, 239 AD2d 8). However, it has not been established in this Department whether the shortened Statute of Limitations should apply to actions commenced after the effective date of the amendment where the claims accrued before the effective date. We conclude that due process requires that a plaintiff be afforded a reasonable time to commence an action after the effective date of the amendment (*see, Coastal Broadway Assocs. v Raphael*, 246 AD2d 445; *see also, Estate of Re v Kornstein Veisz & Wexler*, 958 F Supp 907 [SD NY]; *but see, Ainbinder v Chernis*, 248 AD2d 337; *Russo v Waller,* 171 Misc 2d 707). Here, plaintiff commenced this action within a reasonable time, i.e., within 20 days of the effective date of the amendment. Thus, the shortened Statute of Limitations does not apply to this action. We note that there is no authority for the proposition that legislative action in passing a bill and placing it on the desk of the Governor constitutes "constructive notice" of the impending change in a law.

We agree with the further determination of the court, however, that the complaint is barred by collateral estoppel to the extent that it sounds in breach of contract. In the first action, the court dismissed the complaint insofar as it sounded in breach of contract, and there is an identity of issue in the two complaints for purposes of collateral estoppel (*see, Mahl v Citibank*, 234 AD2d 348, 349, *lv denied* 90 NY2d 804). We reject the contention of plaintiff that she did not have a full and fair opportunity to litigate any breach of contract issue in the first action because she was proceeding *pro se* at the time (*see generally, Mahl v Citibank, supra; Summer v Marine Midland Bank*, 227 AD2d 932, 934).

Collateral estoppel does not apply to the complaint to the extent that it sounds in tort. In addition, collateral estoppel does not apply to the third cause of action because it is asserted against Ruberti and Honeywell, individually, and the Ruberti law firm, who were not defendants in the first action. That cause of action, which sounds in negligence, and the remainder of the complaint to the extent that it sounds in tort, nevertheless must be dismissed as time-barred by the three-year Statute of Limitations (*see,* CPLR 214 [6]). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.