■ BUDGET INSTALLMENT CORP., Appellant, v LEVY, EHRLICH & KRONENBERG, et al., Respondents. [686 NYS2d 816] —In an action, *inter alia*, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated December 15, 1997, which (1) denied his motion for partial summary judgment against the defendant, Levy, Ehrlich & Kronenberg on the issue of liability as to the first, third, and fourth causes of action, (2) granted the cross motion of the defendant Levy, Ehrlich & Kronenberg for summary judgment dismissing the complaint insofar as asserted against it, and (3) granted the cross motion of the defendant Victor, Randall & Young, Ltd., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provisions thereof granting the defendants' respective cross motions for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor provisions denying the cross motions; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff obtained a judgment against a party in a prior action upon that party's default. Attempting to collect on the judgment, the plaintiff hired the collection agency of Victor, Randall & Young, Ltd. (hereinafter VR&Y), which, after unsuccessfully pursuing collection, referred the matter to the law firm of Levy, Ehrlich & Kronenberg (hereinafter LE&K), which specialized in collection. LE&K agreed to review the matter with regard to the possibility of commencing legal proceedings in order to collect on the judgment. Thereafter, the firm discovered that the judgment debtor had filed for bankruptcy. Although LE&K did not communicate directly with the plaintiff, it forwarded to the plaintiff, through the agent VR&Y, a copy of the bankruptcy notice to creditors that objections to discharge must be filed by June 28, 1993. LE&K did not file objections on the plaintiff's behalf or commence an adversary proceeding. The judgment was later discharged.

The plaintiff commenced the within action against VR&Y and LE&K on July 8, 1996, alleging, *inter alia*, that the collection agency and the law firm had committed malpractice in failing to institute an adversary proceeding to protect its judgment from being discharged and by breaching their contracts to perform collection services. LE&K argued in opposition to the plaintiff's motion for summary judgment on the liability issues and in support of its own cross motion for summary judgment to dismiss the malpractice causes of action, *inter alia*, that it had not been hired to handle the bankruptcy matter

and, in any event, the plaintiff would not have prevailed in an adversary proceeding. In opposition to the plaintiff's motion and in support of its cross motion for summary judgment, VR&Y argued that it had fulfilled its obligations and was not liable for any acts or omissions by LE&K.

The Supreme Court denied the plaintiff's motion for partial summary judgment on the issue of LE&K's liability and granted LE&K's motion for summary judgment dismissing the complaint insofar as asserted against it on the basis that the malpractice causes of action were barred by the Statute of Limitations (*see,* CPLR 214 [6]), and, in any event, there was no evidence presented that the plaintiff would have prevailed in the adversary proceeding but for the malpractice and/or negligent acts of the defendants. The court further granted VR&Y's cross motion on the ground that the plaintiff had failed to show that, but for the alleged malpractice, the discharge of the plaintiff's judgment would have been prevented.

Contrary to the Supreme Court's determination, the malpractice causes of action were not barred by the Statute of Limitations applicable to legal malpractice actions. CPLR 214 (6), as recently amended, is not applied retroactively where the cause of action accrued and the action was commenced prior to September 4, 1996, the effective date of the amendment (*see, Dowd v Law Plan Hyatt Legal Servs.,* 249 AD2d 503; *see also, Ruffolo v Garbarini & Scher,* 239 AD2d 8, 13; *Romeo v Schmidt,* 244 AD2d 860).

Furthermore, upon the evidence presented in support of and in opposition to the plaintiff's motion and the defendants' cross motions, we conclude that there are questions of fact with regard to the nature of the relationship between the plaintiff and the defendants, the alleged negligence of the defendants, whether the negligence was the proximate cause of the loss sustained, and whether the plaintiff incurred damages as a direct result of the defendants' actions (*see, Volpe v Canfield,* 237 AD2d 282; *Murphy v Stein,* 156 AD2d 546). Accordingly, the defendants were not entitled to summary judgment (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). S. Miller, J. P., Ritter, Goldstein and Luciano, JJ., concur.