■ ADRIENNE M. LEFKOWITZ, Respondent, v DAVID PREMINGER et al., Appellants. [690 NYS2d 105] —In an action to recover damages for legal malpractice, the defendants appeal

from an order of the Supreme Court, Westchester County (Coppola, J.), entered December 23, 1997, which denied their motion to dismiss the complaint based on the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's causes of action accrued no later than May 31, 1991. She commenced this action by the filing of a summons and complaint on March 5, 1997. Accordingly, her claims were not interposed and pending on September 4, 1996, the effective date of an amendment to CPLR 214 (6) (L 1996, ch 623). The Supreme Court erred in concluding that the prior version of CPLR 214 (6) and the judicial interpretations of that subdivision applied to this case so as to make the longer six-year Statute of Limitations for breach of contract actions applicable here.

Because this action accrued prior to the effective date of the amendment to CPLR 214 (6), but was not commenced until after the amendment's effective date, the issue is whether the action was commenced within a reasonable time of the September 4, 1996, effective date of the amendment to CPLR 214 (6) (see, *Panigeon v Alliance Nav. Line,* 1997 WL 473385, 1, 11, 16 [SD NY]; *Shirley v Danziger,* 252 AD2d 969; *Coastal Broadway Assocs. v Raphael,* 246 AD2d 445). Contrary to the finding of the Supreme Court, the commencement of this action six months and one day after the amendment's effective date was not within a reasonable time (see, e.g., *Panigeon v Alliance Nav. Line, supra; Coastal Broadway Assocs. v Raphael, supra*), and the complaint should have been dismissed. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.