■ KAREN W. BROTHERS et al., Appellants, v WILLIAM J. FLORENCE, Respondent. [691 NYS2d 90] —In an action to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered June 23, 1998, as granted the defendant's motion to dismiss the action as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that the instant legal malpractice action commenced April 23, 1998, for claims that accrued in or about August 1992, is time-barred. The plaintiffs' causes of action were not interposed and pending as of September 4, 1996, the effective date of the amendment to CPLR 214 (6) (L 1996, ch 623). "Because this action accrued prior to the effective date of the amendment to CPLR 214 (6), but was not commenced until after the amendment's effective date, albeit within the former six-year Statute of Limitations, the issue is whether the action was commenced within a reasonable time of the September 4, 1996, effective date of the amendment to CPLR 214 (6)" (*Lefkowitz v Preminger,* 261 AD2d 447; *see, Shirley v Danziger,* 252 AD2d 969; *Coastal Broadway Assocs. v Raphael,* 246 AD2d 445). The commencement of the instant action almost one year and eight months after the effective date of the amendment was not reasonable (*see, Lefkowitz v Preminger, supra; Brzozowski v Zio Italian Bistro,* 178 Misc 2d 761; *Kelly v Cesarano, Haque & Khan,* 178 Misc 2d 176).

Contrary to the plaintiffs' contention, the Statute of Limitations was not tolled, as there is no evidence that the principal claimant was incapacitated when the cause of action accrued (*see,* CPLR 208). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.