[699 NYS2d 238]

Scott Pollicino, Appellant, v Roemer and Featherston-haugh, P. C., et al., Defendants, and Michael S. Levine, Respondent.

Third Department, December 2, 1999

### APPEARANCES OF COUNSEL

*Feldman, Kleidman & Coffey, L. L. P.,* Fishkill (*Denise M. FitzPatrick* of counsel), for appellant.

*L'Abbate, Balkan, Colavita & Contini, L. L. P.,* Garden City (*Matthew K. Flanagan* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

This appeal requires us to decide a question of first impression, namely, whether in a legal malpractice action a law firm's continuous representation of a client should be imputed to a former associate for purposes of tolling the Statute of Limitations against the associate. On the particular facts presented herein, we hold that it should be and reverse the contrary determination of Supreme Court.

On April 11, 1989, plaintiff retained the law firm of defendant Roemer and Featherstonhaugh, P. C. (hereinafter the law firm) to represent him in connection with a July 1, 1988 accident wherein he lost sight in his right eye. His injury is alleged to have occurred when a New York City Transit Authority bus ran over a glass bottle, the bottle exploded and a shard of glass struck plaintiff in the eye. In September 1989, the law firm moved for leave to serve a late notice of claim against the Transit Authority. Attached to its moving papers was a proposed notice of claim reflecting the accident date of July 1, 1988. After the motion was granted, however, a notice of claim incorrectly listing the accident date as June 30, 1988 was served. This notice of claim was notarized by defendant Michael S. Levine (hereinafter defendant), an associate employed by the law firm, on November 7, 1989. On the same date, defendant also notarized a summons and complaint which likewise erroneously recited that the accident occurred on June 30, 1988. On December 4, 1989, defendant and plaintiff attended a General Municipal Law § 50-h hearing where plaintiff testified that his accident had occurred on July 1, 1988. On December 12, 1989, defendant notarized an amended summons and complaint correcting the accident date to July 1, 1988. However, no motion to similarly amend the notice of claim was made at that time. Defendant left the employ of the law firm in September 1990.

It was not until December 1, 1992 that the law firm moved on behalf of plaintiff for leave to serve an amended notice of claim to set forth the correct date of plaintiff's accident. The

Transit Authority cross-moved for an order dismissing the complaint pursuant to CPLR 3211 and 3212. By order dated October 20, 1994,* Supreme Court, Kings County, denied plaintiff's motion, citing the lengthy delay and the absence of an adequate or persuasive excuse therefor, and granted the Transit Authority's cross motion to dismiss. The law firm unsuccessfully appealed Supreme Court's order to the Second Department (225 AD2d 750) and, thereafter, unsuccessfully sought reargument or, alternatively, leave to appeal to the Court of Appeals. On November 8, 1996, the law firm moved for leave to appeal in the Court of Appeals, which was denied on February 13, 1997 (89 NY2d 973). A final motion seeking reargument of the motion for leave to appeal to the Court of Appeals was denied on May 8, 1997.

Plaintiff commenced the instant action in December 1997 seeking damages for legal malpractice including, *inter alia,* failing to include the correct date in the notice of claim. Defendant sought dismissal of the complaint pursuant to CPLR 3211 (a) (5) on the ground that since he had no involvement in plaintiff's case after leaving the employ of the law firm in September 1990, the action against him was barred by the Statute of Limitations. Supreme Court granted defendant's motion, prompting this appeal by plaintiff.

While a cause of action for legal malpractice accrues on the date on which the claimed malpractice occurred, under the rule of continuous representation the Statute of Limitations is tolled while representation on the same matter in which the malpractice is alleged is ongoing (*see, Glamm v Allen,* 57 NY2d 87). A two-fold rationale underlies this rule, which is derived from the "continuous treatment" doctrine earlier crafted in medical malpractice actions (*see, Borgia v City of New York,* 12 NY2d 151; *see also, McDermott v Torre,* 56 NY2d 399). First, having sought professional assistance, the client " 'has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered' * * * [n]either is a person expected to jeopardize his pending case or his relationship with the attorney handling that case during the period that the attorney continues to represent the person" (*Glamm v Allen, supra,* at 93-94, quoting *Siegel v Kranis,* 29 AD2d 477). Implicit in this rule is recognition that the professional "not only is in a position to identify

* This order recites that it is to redenominate a decision of Supreme Court dated April 11, 1994 bearing an incorrect caption and index number.

and correct his or her malpractice, but is best placed to do so" (*McDermott v Torre, supra,* at 408). Once the professional relationship ends, these considerations no longer prevail and the rule ceases to be operative.

Here, it is uncontroverted that without application of the continuous representation rule, plaintiff's suit against defendant is time barred. The gravamen of plaintiff's malpractice claim is the erroneous accident date listed on the notice of claim, which led to dismissal of plaintiff's suit against the Transit Authority in 1994. His cause of action thus accrued when defendant allegedly committed the original error in November 1989 (or when he failed to correct it when a similar error in the summons and complaint was discovered and corrected in December 1989). Supreme Court held that since defendant's professional relationship with plaintiff ended when he left the law firm in September 1990, the rule of continuous representation did not apply. In so doing, the court observed that the rule requires "clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice" (citing *Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505, 506-507). Supreme Court's decision, however, failed to squarely address the question presented: whether the law firm's continuous representation of plaintiff should be imputed to defendant so as to toll the Statute of Limitations against him.

We conclude that under the circumstances of this case, the principles underpinning the continuous representation rule militate in favor of its application to defendant. As a starting point, we observe that without application of this rule, the Statute of Limitations against defendant would have expired *before* plaintiff's action against the Transit Authority was dismissed based on the faulty notice of claim. We also note that beginning in December 1992 and continuing through May 1997, the law firm undertook efforts to rectify the 1989 error which, if successful, would have rendered plaintiff's malpractice claim moot.

Critical to our resolution of the question, however, is the fact that in retaining the law firm to represent him, plaintiff forged his professional relationship with the firm, not with any individual attorney. Defendant, as well as several other associates, worked on plaintiff's case as employees or agents of the law firm, whose representation of plaintiff was continuous and uninterrupted until May 1997. Even without considering the

problematic facts that plaintiff's underlying claim was not dismissed until 1994 (by which time the Statute of Limitations would have otherwise run against defendant), and that curative efforts by the law firm were ongoing until 1997, it would be disingenuous to maintain that plaintiff had the option of proceeding against defendant individually while the law firm was still pursuing his underlying claim. Given the law firm's legal responsibility for the actions of defendant, its employee, commencing an action against defendant would have required plaintiff to sever his relationship with the law firm. Prevention of such a disruption in the professional relationship, together with any ongoing corrective efforts, is a paramount value underlying the doctrine of continuous representation (*see*, *Glamm v Allen*, *supra*, at 94).

We also note that similar determinations have obtained in the area of medical malpractice. Subsequent treatment by remaining members of a medical group has been imputed to physicians departed from the group for Statute of Limitations purposes, "provided it is established that the patient was treated as a group patient and the subsequent treatment was for the original condition and/or complications resulting from the original condition" (*Watkins v Fromm*, 108 AD2d 233, 234; *see*, *McKinney v Bay Ridge Med. Group*, 126 AD2d 711, 712; *Castano v Lindenhurst Eye Physicians & Surgeons*, 220 AD2d 477). Moreover, where an agency relationship is shown to exist between two caregivers, continuing treatment by one will be imputed to the other for purposes of tolling the Statute of Limitations under the continuous treatment rule (*see*, *McDermott v Torre*, *supra*, at 407-408; *Watkins v Fromm*, *supra*, at 241).

Finally, while defendant invokes the policy considerations underlying the Statute of Limitations defense in support of his cause, we deem the result reached herein more consonant with those considerations. "The Statute of Limitations was enacted to afford protection to defendants against defending stale claims after a reasonable period of time had elapsed during which a person of ordinary diligence would bring an action" (*Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427, 429). Largely based on the same principles informing the continuous representation rule and rendering its application appropriate here, we do not believe it can be fairly said that plaintiff lacked diligence or failed to bring his action within a reasonable period of time.

CARDONA, P. J., MERCURE, YESAWICH JR. and MUGGLIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.