◼ KARL EASTON, Appellant, v JOEL S. SANKEL et al., Respondents. [703 NYS2d 542] —Mercure, J. P. Appeal from an order of the Supreme Court (Cobb, J.), entered February 17,

1999 in Columbia County, which, *inter alia*, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff is or was a physician specializing in psychiatry. In 1986, the State commenced a civil action against plaintiff and various corporations allegedly controlled by plaintiff or members of his immediate family, seeking compensatory and punitive damages for plaintiff's claimed Medicaid fraud. Following a nonjury trial conducted before a Judicial Hearing Officer, the complaint was dismissed against plaintiff.* The State appealed, and plaintiff engaged defendants to provide legal services in defense of the appeal. In July 1992, the Second Department rendered a decision determining, among other things, that plaintiff was guilty of Medicaid fraud and imposing a $7,573,703 award of damages against him (*see, People v Brooklyn Psychosocial Rehabilitation Inst.*, 185 AD2d 230, *lv denied* 81 NY2d 702, *cert denied sub nom. Easton v New York*, 510 US 862, *supra*). The Court of Appeals denied plaintiff's motion for leave to appeal on January 7, 1993 (81 NY2d 702) and an ensuing motion for reargument on April 8, 1993 (81 NY2d 953).

On June 15, 1998, acting *pro se*, plaintiff commenced this action seeking damages for defendants' claimed malpractice in encouraging plaintiff to refuse a favorable settlement offer from the State and wrongly representing to plaintiff that in the unlikely event that the State's appeal to the Second Department was successful, he had an appeal as of right to the Court of Appeals. Defendants asserted as an affirmative defense that the action was barred by the Statute of Limitations. Thereafter, plaintiff moved to strike the defense of the Statute of Limitations upon the ground that April 1993 was "the earliest ascertainable time that [his] claims against * * * defendants could have accrued" and the six-year limitations period established in *Santulli v Englert, Reilly & McHugh* (78 NY2d 700) was still in effect when the action was commenced.

Defendants then cross-moved for summary judgment dismissing the complaint upon the ground that the 1996 amendment to CPLR 214 (6) (*see*, L 1996, ch 623) fixing a three-year Statute of Limitations applied and the action was, accordingly, time barred as a matter of law. Finding that the action "accrued at the latest in April of 1993", that the three-year Statute of Limitations of CPLR 214 (6) applied but plaintiff should

---

* For a more thorough discussion of the underlying action against plaintiff, see *People v Brooklyn Psychosocial Rehabilitation Inst.* (185 AD2d 230, *lv denied* 81 NY2d 702, *cert denied sub nom. Easton v New York*, 510 US 862).

be given a "reasonable period of time" following the statute's effective date (September 4, 1996) in which to bring his action (*see, Lefkowitz v Preminger*, 261 AD2d 447; *Shirley v Danziger*, 252 AD2d 969; *Coastal Broadway Assocs. v Raphael*, 246 AD2d 445), and that a period of 21 months was not a reasonable time as a matter of law, Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

We affirm. Initially, we agree with Supreme Court's analysis concerning the legal effect of the 1996 amendment to CPLR 214 (6) upon plaintiff's action. We now join the other Departments in the conclusion that " '[b]ecause this action accrued prior to the effective date of the amendment to CPLR 214 (6), but was not commenced until after the amendment's effective date, albeit within the former six-year Statute of Limitations, the issue is whether the action was commenced within a reasonable time of the September 4, 1996, effective date of the amendment to CPLR 214 (6)' " (*Brothers v Florence*, 262 AD2d 261, 262 quoting *Lefkowitz v Preminger, supra*, at 447; *see, Shirley v Danziger, supra*; *Coastal Broadway Assocs. v Raphael, supra*). It is our further conclusion that a period of 21 months following the effective date of the amendment is unreasonable as a matter of law (*see, Ruggeri v Menicucci*, 262 AD2d 391 [delay of 12 months is not reasonable]; *Brothers v Florence, supra* [delay of 20 months is not reasonable]; *Lefkowitz v Preminger, supra* [delay of six months and one day is not reasonable]).

We also reject the contention that defendants failed to support their cross motion with a prima facie showing that the Statute of Limitations expired prior to commencement of the action. Allegations made by plaintiff in his verified complaint and the affidavit in support of his motion to strike the defense of the Statute of Limitations competently established the accrual of his cause of action by April 1993, as found by Supreme Court. Notably, it was not defendants' burden to support their summary judgment motion with an evidentiary showing that the Statute of Limitations had not been tolled. To the contrary, with defendants' prima facie showing that the limitations period had expired, the burden shifted to plaintiff to show that his case fell within some exception, such as the application of the continuous representation doctrine (*see, Traverso v Reed*, 234 AD2d 731, 732). He made no such showing.

Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.