Angelo NOBILE, Plaintiff–Appellant,

v.

Milton SCHWARTZ, Grant, Hermann, Schwartz & Klinger, Paul E. Kerson, and Leavitt, Kerson & Leffler, Defendants–Appellees.

Nos. 00–9564(L), 01–9034(CON).

United States Court of Appeals, Second Circuit.

Jan. 23, 2000.

Robert J. Tolchin, Jaroslawicz & Jaros, New York, NY, for Appellant.

Jack Babchik, Babchick & Young, White Plains, NY, for Appellees Schwartz and Grant, Hermann, Schwartz & Klinger.

Anthony P. Colavita, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, for Appellees Kerson and Leavitt, Kerson & Leffler.

Present: FEINBERG, F.I. PARKER, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED in part and VACATED and REMANDED in part.

Plaintiff-appellant Angelo Nobile appeals from the November 30, 2000 and August 23, 2001 orders of the United States District Court for the Southern District of New York (*Robert W. Sweet, Judge*), granting summary judgment to defendants-appellees on Nobile's legal malpractice and N.Y. Jud. Law § 487 claims.

■ We review a grant of summary judgment de novo. "Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law ... Whether a fact is material depends on the substantive law of the claim and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 90 (2d Cir.2002).

■ Appellant Nobile sued his two former attorneys and their firms for alleged violations of N.Y. Jud. Law § 487 and legal malpractice. The defendants assert, and the district court found, that the actions were time-barred.[1] Under New York state law, the statute of limitations for a legal malpractice action is three

years. N.Y. C.P.L.R. § 214(6). Generally, the action accrues from the date of malpractice, but the statute may be deemed tolled under the theory of continuous representation until the attorney ceases representing the client in the specific matter at issue. *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 167–68, 726 N.Y.S.2d 365, 750 N.E.2d 67 (2001) ("application of the continuous representation or treatment doctrine is ... generally limited to the course of representation concerning a specific legal matter").

■ Thus, in order to assess whether Nobile can take advantage of continuous representation tolling to bring his claims, the court must determine (1) the scope of Defendants' representation of Nobile at the time of such possible tolling and (2) when Defendants Schwartz and Kerson ceased to represent him. If Nobile's relationship with his attorneys has the necessary attributes for such tolling, he can bring his malpractice actions; without the doctrine, the case is clearly time-barred. We hold that because there is a dispute regarding the material facts of the representation relationship, summary judgment was inappropriate.

The content of Nobile's meeting with an associate from the Schwartz firm and Kerson in October of 1992 is disputed, as are the existence and content of subsequent telephone conversations between Schwartz and Nobile or his son and friend. The defendants claim Nobile agreed to drop both his causes of action at their October

---

1. With respect to the district court's dismissal of Nobile's claim under N.Y. Jud. Law § 487, we affirm for the reasons stated in the district court's opinion.

  With respect to the district court's dismissal of Nobile's malpractice claim based on the expired mortgage note, we vacate and remand for consideration of whether continuous representation tolling is appropriate. The

statute of limitations to sue on a mortgage note runs when each individual payment is due, *see Zinker v. Makler*, 298 A.D.2d 516, 748 N.Y.S.2d 780, 782 (2002), and therefore the statute of limitations on at least some of the annual payments due under the note expired while Nobile may have been represented by the defendants.

meeting, but a letter drafted by the defendant attorneys, and signed at that meeting by Nobile, indicates his intention to discontinue only one pending action, while the other "continues apace." Defendant Kerson's memo to the file asserting that Nobile agreed in that meeting to discontinue both suits only highlights the question of fact about the circumstances and content of that meeting. Additionally, Nobile's son and his friend submitted affidavits asserting that in a series of telephone calls over several years to Schwartz and his firm, the firm told them to advise Nobile to be patient and wait for results on his legal matters. In opposition to that claim, the firms assert they had no contact with Nobile over the time period in question.

Under New York law, continuous representation tolling requires "clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney." *Luk Lamellen U. Kupplungbau GmbH v. Lerner*, 166 A.D.2d 505, 560 N.Y.S.2d 787, 788 (N.Y.App.Div. 1990). In view of the record, there remain material questions of fact as to whether such indicia exist in Nobile's relationship with his attorneys, opening the possibility that his case may be saved by continuous representation tolling. If tolling is available, the district court must also determine whether Nobile had an overall goal of vindicating his interests with respect to the dissolved joint venture, via whatever legal processes were chosen by his attorneys. This single purpose may encompass all of the actions cited in his malpractice claims,[2] indicating that they should be treated as one "specific legal matter" and tolled together, if at all. Because of these material questions of fact, the grant of summary judgment is vacated and remanded.

**2.** Nobile asserts malpractice claims regarding Defendants' handling of the Surrogate's

The judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part.

Court, New York Supreme Court and mortgage note representations.