■ FRANK E. PARKHURST IV, Appellant, v DANIEL D. MOLINOFF, Respondent. [704 NYS2d 639] —In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 6, 1999, as granted the defendant's motion to dismiss the action as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that this action, commenced on October 15, 1997, based on claims that accrued in or about December 1991, is time-barred. The plaintiff's causes of action had not been interposed and were not pending as of September 4, 1996, the effective date of the amendment to CPLR 214 (6) (L 1996, ch 623). "Because this action accrued prior to the effective date of the amendment to CPLR 214 (6), but was not commenced until after the amendment's effective date, the issue is whether the action was commenced within a reasonable time of the September 4, 1996, effective date of the amendment to CPLR 214 (6)" (*Lefkowitz v Preminger,* 261 AD2d 447, 448; *see, Early v Rossback,* 262 AD2d 601; *Brothers v Florence,* 262 AD2d 261; *Ruggeri v Menicucci,* 262 AD2d 391; *Shirley v Danziger,* 252 AD2d 969; *Coastal Broadway Assocs. v Raphael,* 246 AD2d 445). The commencement of the instant action 13 months after the effective date of the amendment was not reasonable (*see, Lefkowitz v Preminger, supra; Early v Rossback, supra*).

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Krausman, Florio and H. Miller, JJ., concur.