■ BERNARD BERMAN et al., Appellants, v CULLEN & DYKMAN et al., Respondents, et al., Defendants. [739 NYS2d 169] —Motion by the respondents, in effect, for reargument of appeals from an order of the Supreme Court, Nassau County, dated September 8, 1998, and a judgment of the same court, dated March 31, 1999, which were determined by decision and order of this Court dated October 10, 2000.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and, upon reargument, the decision and order dated October 10, 2000, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Davis, J.), dated September 8, 1998, as denied their motion for partial summary judgment and granted those branches of the cross motion of the defendants Cullen & Dykman, John J.

Bishar, Jr., Thomas J. Douglas, Jr., Gerard Fishberg, Thomas M. Lamberti, Peter J. Mastaglio, F. Peter O'Hara, and William P. Tucker which were for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, dated March 31, 1999, as, upon the order, dismissed the complaint insofar as asserted against those defendants. Justice Smith has been substituted for former Presiding Justice Mangano (*see,* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the aforementioned branches of the cross motion are denied, the complaint is reinstated against the defendants Cullen & Dykman, John J. Bishar, Jr., Thomas J. Douglas, Jr., Gerard Fishberg, Thomas M. Lamberti, Peter J. Mastaglio, F. Peter O'Hara, and William P. Tucker, and the order is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In connection with its representation of the plaintiffs in the sale of their business, the defendant law firm, Cullen & Dykman, filed a financing statement to perfect the plaintiffs' security interest in the purchasers' property. The plaintiffs' security interest lapsed five years later (*see,* UCC 9-403). The plaintiffs commenced this legal malpractice action alleging, inter alia, that Cullen & Dykman and certain of its partners (hereinafter the respondents) failed to file a continuation statement (*see,* UCC 9-403). The Supreme Court granted the respondents' cross motion for summary judgment dismissing the complaint. We reverse.

The record presents triable issues as to whether the "continuous representation" rule applied so as, inter alia, to impose a duty upon the respondents to file the continuation statement in 1993. The record shows, among other things, that after the closing, the defendants advised the plaintiffs in regard to the purchaser's default on its debt to the plaintiffs, and represented the plaintiffs in the purchaser's bankruptcy proceedings.

A six-year statute of limitations is applicable to this legal malpractice case since it was commenced in January 1996,

before the September 1996 amendment which shortened the six-year period to three years (*see,* CPLR 214 [6]; *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 708-709; *Budget Installment Corp. v Levy, Ehrlich & Kronenberg,* 259 AD2d 649; *Dowd v Law Plan Hyatt Legal Servs.,* 249 AD2d 503). The plaintiffs' malpractice claim regarding the respondents' failure to file the continuation statement accrued in June 1993, when the original financing statement lapsed. Accordingly, that claim was timely without application of the tolling provision of the continuous representation rule. Furthermore, application of the continuous representation toll would make timely the plaintiffs' claims of malpractice which were alleged to have occurred before 1993 (*see, Glamm v Allen,* 57 NY2d 87; *Weiss v Manfredi,* 83 NY2d 974). Feuerstein, J.P., Smith, S. Miller and Friedmann, JJ., concur. [*See* 276 AD2d 515.]