*Braten v. Kaplan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> > *Circuit Judges,*
> KATHERINE B. FORREST,[1]
> > *District Judge.*

---

Milton Braten,

> *Plaintiff-Appellant,*

v.                                                                   17-1145

Eliot Kaplan,

> *Defendant-Appellee.*

---

[1] Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR PLAINTIFF-APPELLANT:**    Milton Braten, pro se, Greenville, SC.

**FOR APPELLEE:**    Stephen D. Straus (Andrew N. Adler, *on the brief*), Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Milton Braten, pro se, appeals from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*) dismissing, on summary judgment, his claim for legal malpractice against Eliot Kaplan, who represented Braten in divorce proceedings. The district court adopted the findings of the magistrate judge's Report and Recommendation ("R&R"). The R&R found that, under the continuing representation doctrine, the three-year statute of limitations began to run on May 2, 2004 when Braten drafted a letter to the state court requesting Kaplan's removal as counsel, and that his May 7, 2007 complaint was therefore time-barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of summary judgment, VKK Corp. v. Nat'l Football League, 244 F.3d 114, 118 (2d Cir. 2001), "view[ing] the evidence in the light most favorable to the party opposing summary judgment, . . . draw[ing] all reasonable inferences in favor of that party, and . . . eschew[ing] credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56.

Diversity actions arising from New York state claims are subject to New York's three-year statute of limitations for malpractice suits. *See* N.Y. C.P.L.R. § 214; *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). A malpractice claim accrues "when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court," even if the injured party is ignorant of the defendant's conduct. *McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002) (quoting *Ackerman v. Price Waterhouse*, 84 N.Y.2d 535, 541 (1994)). However, under the continuous representation doctrine, the statute of

limitations is tolled while there is a "mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim," *Zorn v. Gilbert*, 8 N.Y. 3d 933, 934 (2007) (quoting *McCoy*, 99 N.Y.2d at 306), such that the parties reasonably intend "their professional relationship of trust and confidence . . . would continue," *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 170 (2001). Accordingly, a client's trust and confidence in his attorney is a predicate for the continuous representation doctrine. *See Coyne v. Bersani*, 61 N.Y.2d 939, 940 (1984); *Farage v. Ehrenberg*, 124 A.D.3d 159, 167 (2d Dep't 2014); *Aaron v. Roemer, Wallens & Mineaux, L.L.P.*, 272 A.D.2d 752, 755 (3d Dep't 2000). In order to invoke the doctrine, a plaintiff must provide "clear indicia of 'an ongoing, continuous, developing, and dependent relationship between the client and the attorney.'" *Farage*, 124 A.D.3d at 164 (quoting *Aseel v. Jonathan E. Kroll & Assoc., PLLC*, 106 A.D.3d 1037, 1038 (2d Dep't 2013)).

As the R&R concluded, the continuous representation doctrine did not toll the statute of limitations beyond May 2, 2004. That day, Braten drafted a letter to the state court stating his dissatisfaction with Kaplan, accusing Kaplan of fraud and malpractice, and asking the court to remove Kaplan as his counsel. Although Braten argues that he was uncertain of his intentions until he completed the letter on May 6 or submitted it on May 10,[2] Braten stated during his deposition that the purpose of writing the letter was to remove Kaplan as his counsel because he did not trust him anymore. Accordingly, the letter and testimony evidence that Braten lost trust and confidence in Kaplan no later than May 2, 2004.

Braten also argues that the toll should be extended to May 10, 2004, when Kaplan filed a letter application on Braten's behalf, indicating there was an ongoing attorney-client relationship. But Kaplan's filing of the letter application does not sufficiently establish that Braten's trust and confidence had been restored after May 2. *See Aaron*, 272 A.D.2d at 755. Moreover, Braten did not withdraw his request for new counsel after Kaplan filed the letter application, and proceeded to retain new representation, conduct that suggests the letter application did not restore the relationship of trust and confidence. Braten has therefore failed to provide clear indicia that the attorney-client relationship continued beyond May 2 such that tolling would continue. *See Coyne*, 61 N.Y.2d at 940; *Farage*, 124 A.D.3d at 164. Accordingly, there is no genuine dispute of material fact as to whether Braten's action is time-barred.

---

[2] Braten notes that if the statute of limitations expired on May 6, 2007, a Sunday, his action could have been timely filed on the following Monday, May 7, 2007.

We have considered Braten's remaining arguments and conclude that they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court