20-2958
*Esposito v. Gary*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-one.

PRESENT:
>
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
>
> _Circuit Judges._

———————————————————————

LUISA CASTAGNA ESPOSITO,

> *Plaintiff-Appellant*,

v.                                              No. 20-2958

WILLIE GARY, INDIVIDUALLY AND AS A PARTNER OF
WILLIAMS, PARENTI, WATSON, GARY, CHRISTOPHER CHESTNUT,
INDIVIDUALLY, AND AS A PARTNER OF THE CHESTNUT FIRM,

> *Defendants-Appellees,*

ANDREW MALONEY, INDIVIDUALLY, AND AS A PARTNER OF
THE MALONEY LAW GROUP, JANE AND JOHN DOES, CHRISTOPHER
CHESTNUT, L.L.P., WILLIAMS, PARENTI, LEWIS & WATSON LLC,

> *Defendants.*

———————————————————————

FOR APPELLANT: EDWARD GRIFFITH, The Griffith Firm, New York, NY; Peter J. Gleason, Esq., Mahopac, NY.

FOR APPELLEE: STEPHEN L. DRUMMOND, Drummond & Squillace, PLLC, Jamaica, NY; Willie Gary, Gary, Williams, Parenti, Watson & Gary, P.L.L.C., Jamaica, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 18, 2020, and the order entered on August 10, 2020, are **VACATED** and the case **REMANDED** for further proceedings.

Luisa Castagna Esposito appeals from the district court's May 18, 2020 judgment dismissing her complaint with prejudice. She also appeals from the district court's August 10, 2020 denial of her motion to alter or amend that judgment, under Rule 59(e), or for relief from judgment, under Rule 60(b), of the Federal Rules of Civil Procedure.[1] We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

Esposito brought this action *pro se* on December 3, 2018, alleging that Defendants Willie Gary and Christopher Chestnut committed legal malpractice in their representation of her in a case against another of her former attorneys, Allen Isaac, and his firm, Gladstein & Isaac, LLP. The district court granted Gary and Chestnut's motion to dismiss Esposito's First Amended Complaint, finding it barred by the applicable three-year statute of limitations

---

[1] Appellees question our jurisdiction to review the district court's May 16, 2020 order and related May 18, 2020 judgment of dismissal. Appellee's Br. 33-35. Because Esposito filed her motion under Rules 59(e) and 60(b) within 28 days of the district court's judgment, her notice of appeal is timely as to both the related judgment and order. *See* Fed. R. App. P. 4(a)(4); *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (a timely Rule 59(e) motion "suspends the finality of the original judgment" and an appellate court reviews any attack on the Rule 59(e) ruling with its review of the underlying decision).

and concluding also that Esposito's complaint failed to state a claim for legal malpractice under New York law. On appeal, Esposito does not challenge the latter determination. Rather, she argues that her complaint was not time-barred and that the district court abused its discretion by denying her motion under Rule 59(e) and 60(b). She seeks an opportunity to replead.

We agree with Esposito that the district court incorrectly dismissed her complaint as time-barred. Under New York law, the statute of limitations on a claim for legal malpractice is tolled under a theory of continuous representation while the attorney is representing the client in the matter that provides the basis for the malpractice claim. *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 168 (2001); *see also Nobile v. Schwartz*, 56 F. App'x 525, 526 (2d Cir. 2003).[2] The doctrine is predicated on "continuing trust and confidence in the relationship between the parties," and therefore it ceases to toll the statute after the relationship of trust and confidence between the client and attorney has ended. *Aseel v. Jonathan E. Kroll & Assoc., PLLC*, 966 N.Y.S.2d 202, 204 (2d Dep't 2013).

The district court determined that the allegations in Esposito's First Amended Complaint reflected that she "had lost trust and confidence" in her attorneys as early as "the summer" of 2015. Special App'x 22 (citing Am. Compl. ¶¶ 49-51). The record is devoid of any indication, however, that Esposito communicated a loss of trust and confidence to her attorneys before December 28, 2015, when she sent a letter terminating their engagement. A client's trust and confidence in her attorney can end before she formally terminates their representation, it is true. *See Artese ex rel. Artese v. Pollack*, 784 N.Y.S.2d 918 (Sup. Ct. 2004). Still, to suffice for tolling the statute, the end of the relationship of trust must be evinced by some outward manifestation by either client or attorney. *See, e.g., Aaron v. Roemer, Wallens & Mineaux, LLP*, 707 N.Y.S.2d 711, 713 (2000) (relationship ended on date plaintiff sent letter to district court stating he would not contest attorney's motion to withdraw, two weeks before the attorney was permitted to withdraw from the case); *Artese*, 784 N.Y.S.2d 918

---

[2] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

(relationship of trust and confidence ended when attorney sent letter to client saying he could no longer represent her and she would need to retain new counsel). Aside from the complaint's allegations about her own private view of her attorneys' performance, Esposito does not allege any outward manifestation or communication to her attorneys before December 28 of that private view. If the statute is tolled past December 3, 2015, then Esposito's claims are not time-barred. Accordingly, we identify at least a "a question of fact regarding the application of the continuous representation doctrine," and this question precludes a dismissal at this stage based on the statute of limitations. *Calcutti v. SBU, Inc.*, 224 F.Supp.2d 691, 699 (S.D.N.Y. 2002).

The district court also determined that Esposito's First Amended Complaint failed to state a claim, a finding Esposito does not challenge on appeal. Rather, Esposito argues that her proposed Second Amended Complaint states valid and timely legal malpractice claims, and that the district court therefore erred in denying leave to amend. The district court denied leave to amend because it determined Esposito's claims would be time-barred in any event, and her proposed Second Amended Complaint would not cure that deficiency. Special App'x 25. Because we disagree with the district court's application of the statute of limitations to the allegations of the complaint, we remand to allow consideration of whether Esposito's proposed Second Amended Complaint states valid legal malpractice claims such that leave to amend should be granted. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011).

\* \* \*

For the foregoing reasons, the judgment and order of the district court are **VACATED** and the case **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4